## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br>400 Maryland Avenue SW<br>Washington, DC 20202<br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 19-cv-3029<br>)<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT

1.      Plaintiff American Oversight brings this action against the U.S. Department of Education under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.      Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from

1

continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.      Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.      Defendant U.S. Department of Education (Education) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). Education has possession, custody, and control of the records American Oversight has requested.

## STATEMENT OF FACTS

7.      President Trump recently nominated Steven Menashi, the Department of Education's former acting General Counsel, to the U.S. Court of Appeals for the Second Circuit. Before Mr. Menashi was the department's head lawyer, he was the Deputy Counsel for Postsecondary Education. As Mr. Menashi has been nominated to serve a lifetime term on the federal bench, there is an urgent need to reveal any communications with the potential to inform his confirmation process, for both the elected officials with the authority to confirm and the constituents they represent.

*Ethics FOIA*

8.      On September 10, 2019, American Oversight submitted a FOIA request to

Education seeking expedited production of:

     a.  Any conflicts or ethics waivers or authorizations for Steven Menashi, including authorizations pursuant to 5 C.F.R. § 2635.502.

     b.  Records reflecting any recusal determination made or issued for Mr. Menashi.

     c.  Any ethics agreement or ethics or recusal screening agreement or protocol for Mr. Menashi.

     d.  All email communications (including email messages, complete email chains, email attachments, calendar invitations, and attachments thereto) sent by former General Counsel Steven Menashi to any of the individuals or entities listed below:

          I.   George Mason University (@gmu.edu)
          II.  Mercatus Center (@mercatus.org)
          III. Kirkland & Ellis (@kirkland.com)
          IV. NBC Universal (@nbc.com and @nbcuniversal.com)

9.      American Oversight requested all responsive records from May 24, 2017, to

May 1, 2018.

10.      Further, in an effort to accommodate Education and reduce the number of

responsive records to be processed and produced, American Oversight limited its request to

emails <u>sent</u> by former General Counsel Steven Menashi. American Oversight still requested that

complete email chains be produced, displaying both the sent messages and the prior received

messages in each email chain. This means, for example, that both Mr. Menashi's response to an

email and the initial received message are responsive to this request and should be produced.

This request included all prior messages (whether incoming or outgoing) reflected in the

responsive correspondence and any attachments thereto. A copy of the Ethics FOIA is attached

hereto as Exhibit A, and incorporated herein.

11.     By letter dated September 11, 2019, Education acknowledged receipt of American

Oversight's FOIA request and assigned the Ethics FOIA tracking number 19-02227-F.

12.     Education did not respond to American Oversight's request for expedited

processing of the Ethics FOIA.

*Immigration Communications FOIA*

13.     On September 10, 2019, American Oversight submitted a FOIA request to

Education seeking expedited production of:

> All email communications (including email messages, complete
> email chains, email attachments, calendar invitations, and
> attachments thereto) sent by former General Counsel Steven
> Menashi containing the following terms:
>
>     a.  "Plyler"
>     b.  "Public charge"
>     c.  "undocumented"
>     d.  "illegal alien"
>     e.  "illegal immigrant"

14.     American Oversight requested all responsive records from May 24, 2017, to

May 1, 2018.

15.     Further, in an effort to accommodate Education and reduce the number of

responsive records to be processed and produced, American Oversight limited its request to

emails sent by former General Counsel Steven Menashi. American Oversight still requested that

complete email chains be produced, displaying both the sent messages and the prior received

messages in each email chain. This means, for example, that both Mr. Menashi's response to an

email and the initial received message are responsive to this request and should be produced.

This request included all prior messages (whether incoming or outgoing) reflected in the

responsive correspondence and any attachments thereto. A copy of the Immigration

Communications FOIA is attached hereto as Exhibit B, and incorporated herein.

16.     By letter dated September 11, 2019, Education acknowledged receipt of American

Oversight's FOIA request and assigned the Immigration Communications FOIA tracking number

19-02226-F.

17.     Education did not respond to American Oversight's request for expedited

processing of the Immigration Communications FOIA.

*White House Communications FOIA*

18.     On September 10, 2019, American Oversight submitted a FOIA request to

Education seeking expedited production of:

> All email communications (including email messages, complete
> email chains, email attachments, calendar invitations, and
> attachments thereto) between (1) former General Counsel Steven
> Menashi or any person communicating on his behalf, such as
> schedulers or assistants, and (2) any of the individuals or entities
> listed below:
>
> a.  Stephen Miller (stephen.miller@who.eop.gov)
> b.  Robert Gabriel (robert.gabriel@who.eop.gov)
> c.  Jennifer Cytryn (Jennifer.cytryn@who.eop.gov)
> d.  McLaurine Klingler (including but not limited to the email
>     address mclaurine.klingler@who.eop.gov)

19.     American Oversight requested all responsive records from May 24, 2017, to

May 1, 2018. A copy of the White House Communications FOIA is attached hereto as Exhibit C,

and incorporated herein.

20.     By letter dated September 11, 2019, Education acknowledged receipt of American

Oversight's FOIA request and assigned the White House Communications FOIA tracking

number 19-02225-F.

21.     By letter dated September 17, 2019, Education denied American Oversight's

request for expedited processing of the White House Communications FOIA.

*External Communications FOIA*

22.     On September 10, 2019, American Oversight submitted a FOIA request to

Education seeking expedited production of:

> All email communications (including email messages, complete
> email chains, email attachments, calendar invitations, and
> attachments thereto) between (1) former General Counsel Steven
> Menashi or any person communicating on his behalf, such as
> schedulers or assistants, and (2) any of the individuals or entities
> listed below:
>
> 1.  A Voice for Men (avoiceformen.com)
> 2.  Alliance Defending Freedom (adflegal.org)
> 3.  Carrie Severino
> 4.  Center for Immigration Studies (cis.org)
> 5.  Ed Bartlett
> 6.  Ed Whelan (ewhelan@eppc.org)
> 7.  Eric Rosenberg (erosenberg@rosenbergball.com)
> 8.  Faith and Freedom Coalition (ffcoalition.com)
> 9.  Families Advocating for Campus Equality
>     (facecampusequality.org)
> 10. Family Policy Alliance (familypolicyalliance.com)
> 11. Family Research Council (frc.org)
> 12. Family Research Council Action (frcaction.org)
> 13. Federalist Society (fedsoc.org)
> 14. Federation for American Immigration Reform (fairus.org)
> 15. First Liberty (firstliberty.org)
> 16. Focus on the Family (focusonthefamily.com)
> 17. Greg Josefchuk
> 18. Heritage Action for America (heritageaction.org)
> 19. Heritage Foundation (heritage.org)
> 20. Immigration Reform Law Institute (irli.org)
> 21. Jake Goldberg
> 22. Jerry Falwell Jr.
> 23. Judicial Crisis Network
> 24. Justin Dillon (jdillon@kaiserdillon.com)
> 25. Kursat Pekgoz
> 26. Leonard Leo
> 27. Liberty Counsel (lc.org)
> 28. Liberty University (liberty.edu)

29. Mark Perry (mjperry@umflint.edu)
30. National Center for Men (nationalcenterformen.org)
31. National Coalition for Men (ncfm.org)
32. National Rifle Association (@nra.org, @nrahq.org, @nraila.org, or @am.com)
33. NumbersUSA (numbersusa.com)
34. Paul Elam (paul@avoiceformen.com)
35. Shan Wu
36. Stop Abusive and Violent Environments (saveservices.org)
37. The Remembrance Project (theremembranceproject.org)
38. Tom Rossley
39. Warren Farrell (warren@warrenfarrell.com)

23.     American Oversight requested all responsive records from May 24, 2017, to May 1, 2018. A copy of the External Communications FOIA is attached hereto as Exhibit D, and incorporated herein.

24.     By letter dated September 11, 2019, Education acknowledged receipt of American Oversight's FOIA request and assigned the External Communications FOIA tracking number 19-02224-F.

25.     By letter dated September 17, 2019, Education denied American Oversight's request for expedited processing of the External Communications FOIA.

*Exhaustion of Administrative Remedies*

26.     Through Education's failure to respond to American Oversight's requests for expedited processing of the Ethics FOIA and Immigration Communications FOIA within the time period required by law, American Oversight has constructively exhausted its administrative remedies as to that issue and seeks immediate judicial review.

27.     Through Education's denial of American Oversight's requests for expedited processing of the White House Communications FOIA and External Communications FOIA,

American Oversight has exhausted its administrative remedies as to that issue and seeks immediate judicial review.

28.     As of the date of this Complaint, Education has failed to (a) notify American Oversight of any determination regarding its FOIA requests, including the scope of any responsive records Education intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

29.     Through Education's failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Grant Expedited Processing**

30.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

31.     American Oversight properly requested records within the possession, custody, and control of Education on an expedited basis.

32.     Education is an agency subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of 5 U.S.C. § 552(a)(6)(E) and 34 C.F.R. § 5.21(i)(2)(i)(B).

33.     The records sought by American Oversight contain information urgently needed in order to inform the public concerning actual or alleged government activity, and therefore justify expedited processing under 34 C.F.R. § 5.21(i)(2)(i)(B).

34.     Education failed to make a determination as to whether expedited processing was appropriate for the Ethics FOIA and Immigration Communications FOIA and to notify American Oversight of any such determination within ten days after the date of the request.

35.     Education's failure to grant expedited processing of the Ethics FOIA and Immigration Communications FOIA violates FOIA and agency regulations.

36.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to grant expedited processing of the Ethics FOIA and Immigration Communications FOIA.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Denial of Expedited Processing

37.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

38.     American Oversight properly requested records within the possession, custody, and control of Education on an expedited basis.

39.     Education is an agency subject to FOIA, and it must process FOIA requests on an expedited basis pursuant to the requirements of FOIA and agency regulations.

40.     The records sought by American Oversight contain information urgently needed in order to inform the public concerning actual or alleged government activity, and therefore justify expedited processing under 34 C.F.R. § 5.21(i)(2)(i)(B).

41.     Education wrongfully denied American Oversight's request for expedited processing of the White House Communications FOIA and the External Communications FOIA.

42.     Education's denial of expedited processing under 34 C.F.R. § 5.21(i)(2)(i)(B) violated FOIA and agency regulations.

43.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to grant expedited processing of the White House Communications FOIA and the External Communications FOIA.

## COUNT III
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

44.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

45.     American Oversight properly requested records within the possession, custody, and control of Education.

46.     Education is an agency subject to FOIA, and it must therefore make reasonable efforts to search for requested records.

47.     Education has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

48.     Education's failure to conduct adequate searches for responsive records violates FOIA and Education regulations.

49.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA request.

## COUNT IV
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

50.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

51.     American Oversight properly requested records within the possession, custody, and control of Education.

52.     Education is an agency subject to FOIA, and it must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

53.     Education is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

54.     Education is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

55.     Education's failure to provide all non-exempt responsive records violates FOIA and Education regulations.

56.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to expedite the processing of the FOIA requests identified in this Complaint;

(2) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(3) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(4) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(5) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant American Oversight such other relief as the Court deems just and proper.


Dated: October 10, 2019

Respectfully submitted,

*/s/ Emma Lewis*
Emma Lewis
D.C. Bar No. 144574

*/s/ Sara Kaiser Creighton*
Sara Kaiser Creighton
D.C. Bar No. 1002367

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 919-6303
emma.lewis@americanoversight.org
sara.creighton@americanoversight.org

*Counsel for Plaintiff*